UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

Petitioner,

v.

PAUL RICHARDSON, Warden,

Respondent.

No. 2:13-cv-00454 WBS AC P

ORDER

I. Introduction

Petitioner is a state prisoner proceeding through appointed counsel with this habeas corpus action filed pursuant to 28 U.S.C. § 2254, which challenges petitioner's 2010 conviction and sentence. Currently before the court is petitioner's motion to stay this proceeding pending exhaustion of his recently filed state court petition for resentencing based on a change in state law. ECF No. 59. Respondent has filed an opposition to the motion, ECF No. 61; petitioner has filed a reply, ECF No. 62. For the reasons set forth below, the court denies petitioner's request for a stay, and directs the filing of petitioner's traverse.

II. Background

In his federal habeas petition, petitioner challenges a May 2010 judgment of the Yolo County Superior Court sentencing him to an 18-year prison term following convictions on possession and transportation of methamphetamine in violation of California Health and Safety

Code sections 11377 and 11379(a), with enhancements. The operative Second Amended Petition (SAP), filed December 22, 2014, alleges that the trial court violated petitioner's due process rights when it denied petitioner's motion to dismiss under California v. Trombetta, 467 U.S. 479, 480 (1984), based on the prosecution's alleged failure to preserve exculpatory evidence. Respondent filed an answer to the SAP on March 20, 2015, addressing the merits of petitioner's claim and asserting that this action is time-barred.

Meanwhile, on March 5, 2015, petitioner's trial counsel, Rodney Beede, filed a petition in the Yolo County Superior Court to recall petitioner's sentence and obtain resentencing in accordance with Proposition 47, the "Safe Neighborhoods and Schools Act," enacted November 4, 2014.[1] Proposition 47 reduced some drug felonies to misdemeanors and established a new resentencing mechanism under California Penal Code section 1170.18. "Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.'" People v. Rivera, 233 Cal. App. 4th 1085, 1092 (6th Dist. 2015) (quoting Cal. Pen. Code §§ 1170.18(a) and (b)).

Trial counsel also argued in the new petition that petitioner's 18-year sentence was cruel and unusual punishment under the Eighth Amendment because his conduct is punishable only as a misdemeanor under current state law, and that his conviction and sentence violate his right to equal protection under the Due Process Clause of the Fourteenth Amendment. See ECF No. 59 at 4.

The trial court denied the motion on an unspecified date. Thereafter, on April 24, 2015, trial counsel filed a notice of appeal in the California Court of Appeal, Third Appellate District. The appellate court appointed attorney Robert Navarro to represent petitioner. The matter was

[1] The petition for resentencing was timely filed in the trial court within the applicable three-year statute of limitations. See Cal. Penal Code §1170.18(j).

fully briefed as of November 24, 2015, and currently awaits decision by the appellate court.[2]

Petitioner filed the instant motion to stay this action on June 26, 2015, prior to submission of petitioner's opening brief in the Court of Appeal. At that time, petitioner's counsel in the instant case, Stephanie Adraktas, conferred with Mr. Navarro who stated that he was uncertain whether he would raise any federal constitutional claims in the appeal. This matter remains unclarified before this court.

Petitioner seeks a stay of this action under Rhines v. Weber, 544 U.S. 269 (2005), until such time that petitioner exhausts in the state courts his petition for resentencing. Respondent opposes the motion based on the argument that, under Rule 2(e) of the Rules Governing Section 2254 Cases, petitioner must file a separate petition to challenge a new judgment, and based on the lack of clarity whether any new federal constitutional claims will be exhausted pursuant to petitioner's current state court challenge. Petitioner replies that Rule 2(e) applies only to separate petitions challenging separate judgments by separate courts, while the pending state court appeal challenges the same judgment and sentence issued by the same trial court that is challenged in the instant federal petition.

III. Discussion

Under 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may seek federal habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A change in state sentencing law does not generally raise a federal constitutional question, although the alleged misapplication of state sentencing law may in rare circumstances support such a claim. See, e.g., Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (federal habeas relief is "unavailable for alleged error in the interpretation or application of state law"), cert. denied, 478 U.S. 1021 (1986); Sturm v. California Adult Authority, 395 F.2d 446, 448 (9th Cir. 1967) (redetermination of state sentence

---

[2] This court may take judicial notice of court records. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

is a matter within the authority of the state and raise no federal question), cert. denied, 395 U.S. 947 (1969); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."); Richmond v. Lewis, 506 U.S. 40, 50 (1992)("[T]he question to be decided by a federal court on petition for habeas corpus is not whether the state sentencer committed state-law error . . . . Rather, the federal, constitutional question is whether such reliance is 'so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation.'" (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990).).

In the instant case, it is not clear whether petitioner is pursuing any federal constitutional claim in his pending state appellate proceeding. In the absence of a federal constitutional claim, the claims asserted in petitioner's pending state court proceeding are not cognizable on federal habeas review, even once they are fully exhausted. See 28 U.S.C. § 2254(b) (exhaustion of available state remedies is a prerequisite to a federal habeas court's jurisdiction). Moreover, absent a federal constitutional claim in petitioner's pending state court proceeding, a Rhines stay is inappropriate. Under Rhines, a district court may stay only a "mixed" petition containing both exhausted and unexhausted federal habeas claims. Rhines, 544 U.S. at 277-78.

Petitioner's petition for resentencing and appeal thereon are collateral to the final judgment entered by the Yolo County Superior Court in 2010; the pending appeal challenges the new judgment of the trial court denying resentencing. See 28 U.S.C. § 2244(d)(1)(A) (this court's jurisdiction to review the merits of a habeas petition commences on "the date on which the judgment became final by the conclusion of direct review"). Should petitioner exhaust a new federal claim based on the denial of his request for resentencing by the trial court, he may file a new federal habeas petition challenging the new final judgment. See Magwood v. Patterson, 561 U.S. 320, 341-42 (2010) (a petition is not "second or successive" when "there is a new judgment intervening between the two habeas petitions," and the petition challenges the new judgment); Hill v. State of Alaska, 297 F.3d 895, 898 (9th Cir. 2002) ("[T]he Supreme Court has declined to read § 2244 to preclude prisoners from bringing habeas claims that could not have been brought in earlier petitions."); see also Benson v. Chappell, 2014 WL 6389443, at *4, 2014 U.S. Dist.

LEXIS 161175 (C.D. Cal. Nov. 13, 2014) (petition not successive because it "challenges [the] state courts' denial of [petitioner's] motion to reconsider his sentence under a new law, and not the underlying conviction") (citing, inter alia, Hill, supra, 297 F.3d at 898).[3]

These cases support the option of petitioner filing a new federal habeas petition after he has exhausted his pending state court proceedings, provided such proceedings include a cognizable federal claim. However, as currently presented to this court, petitioner's pending state court proceedings do not appear to include a federal habeas claim and thus provide no basis for staying the instant action until the conclusion of petitioner's state matters. Accordingly, petitioner's motion to stay the instant action will be denied without prejudice, and petitioner will be accorded the opportunity to file a traverse on the merits of the instant petition.

IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay, ECF No. 59, the instant federal habeas proceeding is denied without prejudice.

2. Petitioner's request for leave to file a traverse, ECF No. 59, is granted; petitioner shall file and serve his traverse within 45 days after the filing date of this order.

DATED: January 4, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

[3] Accord, Burroughs v. Davis, 2015 WL 3867928, at *4, 2015 U.S. Dist. LEXIS 81548 (C.D. Cal. May 26, 2015) (federal habeas petition challenging denial of state court petition to recall and reduce petitioner's sentence, based on intervening change in state law, is not a second or successive petition under 28 U.S.C. § 2244(b)(2)); Kamana'o v. Peyton, 2006 WL 1775869, at *3, 2006 U.S. Dist. LEXIS 42026 (D. Haw. June 21, 2006) ("Because [petitioner's] [p]etition attacks for the first time the constitutionality of a newly imposed sentence based on events that first occurred when he was resentenced, it is not a second or successive petition within the meaning of § 2244."); Tuggle v. Spearman, 2015 WL 1612000 at *1, 2015 U.S. Dist. LEXIS 44845 (E.D. Cal. Apr. 6, 2015) (Case No. 2:14-CV-1680 KJM DAD P), ("petitioner could not have raised his present claims in his first federal habeas corpus petition given that § 1170.126 had not even become law in California until 2012") (collecting cases), report and recommendation adopted, 2015 WL 3419366, 2015 U.S. Dist. LEXIS 68616 (E.D. Cal. May 27, 2015).