UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER, | No. 2:13-cv-00454 WBS AC P |
| Petitioner, | |
| v. | ORDER |
| PAUL RICHARDSON, Warden, | |
| Respondent. | |

I.   Introduction

Petitioner is a state prisoner proceeding through appointed counsel with this habeas corpus action filed pursuant to 28 U.S.C. § 2254, which challenges petitioner's 2010 conviction and sentence. Currently before the court is petitioner's motion to stay this proceeding pending exhaustion of his recently filed state court petition for resentencing based on a change in state law. ECF No. 59. Respondent has filed an opposition to the motion, ECF No. 61; petitioner has filed a reply, ECF No. 62. For the reasons set forth below, the court denies petitioner's request for a stay, and directs the filing of petitioner's traverse.

II.   Background

In his federal habeas petition, petitioner challenges a May 2010 judgment of the Yolo County Superior Court sentencing petitioner to an 18-year prison term following convictions on possession and transportation of methamphetamine in violation of California Health and Safety

1

1  Code sections 11377 and 11379(a), with enhancements.  The operative Second Amended Petition
2  (SAP), filed December 22, 2014, alleges that the trial court violated petitioner's due process
3  rights when it denied petitioner's motion to dismiss under California v. Trombetta, 467 U.S. 479,
4  480 (1984), based on the prosecution's alleged failure to preserve exculpatory evidence.
5  Respondent filed an answer to the SAP on March 20, 2015, addressing the merits of petitioner's
6  claim and asserting that this action is time-barred.

       Meanwhile, on March 5, 2015, petitioner's trial counsel, Rodney Beede, filed a petition in the Yolo County Superior Court to recall petitioner's sentence and obtain resentencing in accordance with Proposition 47, the "Safe Neighborhoods and Schools Act," enacted November 4, 2014.[1]  Proposition 47 reduced some drug felonies to misdemeanors and established a new resentencing mechanism under California Penal Code section 1170.18.  "Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47.  A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.'"  People v. Rivera, 233 Cal. App. 4th 1085, 1092 (6th Dist. 2015) (quoting Cal. Pen. Code §§ 1170.18(a) and (b)).

       Trial counsel also argued in the new petition that petitioner's 18-year sentence was cruel and unusual punishment under the Eighth Amendment because his conduct is punishable only as a misdemeanor under current state law, and that his conviction and sentence violate his right to equal protection under the Due Process Clause of the Fourteenth Amendment.  See ECF No. 59 at 4.

       The trial court denied the motion on an unspecified date.  Thereafter, on April 24, 2015, trial counsel filed a notice of appeal in the California Court of Appeal, Third Appellate District. The appellate court appointed attorney Robert Navarro to represent petitioner.  The matter was

---

[1] The petition for resentencing was timely filed in the trial court within the applicable three-year statute of limitations.  See Cal. Penal Code §1170.18(j).

fully briefed as of November 24, 2015, and currently awaits decision by the appellate court.[2]

Petitioner filed the instant motion to stay this action on June 26, 2015, prior to submission of petitioner's opening brief in the Court of Appeal. At that time, petitioner's counsel herein, Stephanie Adraktas, conferred with Mr. Navarro who stated that he was uncertain whether he would raise any federal constitutional claims in the appeal. This matter remains unclarified before this court.

Petitioner moves to stay this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005) until he completes state court litigation of his petition for resentencing. Respondent argues in opposition that, under Rule 2(e) of the Rules Governing Section 2254 Cases, petitioner must file a separate petition to challenge a new judgment. Respondent also opposes a stay based on the lack of clarity whether any new federal constitutional claims will be exhausted in the course of petitioner's current state court challenge.

### III.  Legal Standards for a Stay

Under Rhines, a district court may stay a "mixed" petition that contains both exhausted and unexhausted federal habeas claims. Rhines, 544 U.S. at 273, 277-78. A district court may stay a mixed petition only in "limited circumstances," specifically, upon a showing that petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

### IV.  Discussion

The petition before this court is not a "mixed" petition subject to stay and abeyance under Rhines. Petitioner has not even presented this court with any specific unexhausted claim that he wishes to add, pending state court exhaustion. Rather, petitioner explains that he *might* exhaust putative federal claims and wishes to incorporate "any such claims" in the pending federal

---

[2] This court may take judicial notice of court records. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1   petition.  ECF No. 59 at 5.  This posture does not support a stay, under Rhines or any other
2   authority.
3       Petitioner's motion does specify that, as noted above, trial counsel raised an Eighth
4   Amendment issue in the initial resentencing proceeding.  Petitioner does not, however,
5   affirmatively represent that he wishes to add this claim to the federal petition.  Nor does he
6   provide the claim.  Accordingly, this court cannot assess its potential merit as Rhines requires.
7   Indeed, petitioner acknowledges that he cannot discuss the merits prong of the Rhines analysis
8   because he does not know what claims may yet be exhausted.  Id. at 6.  Rather than briefing the
9   merits of any unexhausted claim, petitioner directs the court to a publication by Appellate
10  Defenders, Inc., entitled "Proposition 47: Modifications to Felony-Wobbler-Misdemeanor Law,"
11  which suggests in general terms that a denial of resentencing may implicate federal constitutional
12  rights.  See ECF No. 59 at 6; ECF No. 59-2 at 1-29 (Ex. B).  This showing is insufficient to
13  satisfy petitioner's burden under Rhines.
14      Petitioner makes a perfectly good argument that he satisfies the Rhines "good cause" and
15  diligence standards because his putative claims related to resentencing were newly created by
16  intervening changes in state law.  Without presentation of specific non-frivolous and unexhausted
17  federal claims, however, this argument avails petitioner nothing.
18      Although petitioner does not request a stay of this action under the alternative procedure
19  set forth in Kelly v. Small, 35 F.3d 1063 (2003),[3] he cites Kelly for the principle that "[t]he
20  exercise of discretion to stay the federal proceeding is particularly appropriate when an outright
21  dismissal will render it unlikely or impossible for the petitioner to return to federal court within
22  the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act
23  (AEDPA), 28 U.S.C. § 2244(d)."  Kelly, 35 F.3d at 1165; see also ECF No. 59 at 5-6.  Petitioner
24  has not demonstrated that denial of a stay in this case will render it unlikely or impossible for him

---

[3] Under Kelly, a petitioner may amend a mixed petition to delete unexhausted claims; seek a stay of the resulting, fully-exhausted petition while proceeding to state court to exhaust the deleted claims; and later amend his federal petition to reincorporate the newly-exhausted claims.  35 F.3d at 1070-71.  Although the Kelly procedure does not require a showing of good cause, it does not preserve the protective filing date of the federal petition.

4

to bring any cognizable resentencing-related claims to federal court.  There is copious authority for the proposition that a denial of resentencing under a new state law will support a federal habeas petition separate and independent of, and not "second or successive" to, a prior petition challenging the initial conviction and sentence.  See Magwood v. Patterson, 561 U.S. 320, 341-42 (2010) (a petition is not "second or successive" when "there is a new judgment intervening between the two habeas petitions," and the petition challenges the new judgment); Hill v. State of Alaska, 297 F.3d 895, 898 (9th Cir. 2002) ("[T]he Supreme Court has declined to read § 2244 to preclude prisoners from bringing habeas claims that could not have been brought in earlier petitions."); see also Benson v. Chappell, 2014 WL 6389443, at *4, 2014 U.S. Dist. LEXIS 161175 (C.D. Cal. Nov. 13, 2014) (petition not successive because it "challenges [the] state courts' denial of [petitioner's] motion to reconsider his sentence under a new law, and not the underlying conviction") (citing, inter alia, Hill, supra, 297 F.3d at 898).[4]

These cases indicate that, to the extent petitioner seeks generally to preserve his access to federal habeas review of any putative federal claims related to his § 1170.18 proceedings, a Rhines stay is unnecessary.[5]  A stay is also, for the reasons explained above, unavailable.

---

[4] Accord, Burroughs v. Davis, 2015 WL 3867928, at *4, 2015 U.S. Dist. LEXIS 81548 (C.D. Cal. May 26, 2015) (federal habeas petition challenging denial of state court petition to recall and reduce petitioner's sentence, based on intervening change in state law, is not a second or successive petition under 28 U.S.C. § 2244(b)(2)); Kamana'o v. Peyton, 2006 WL 1775869, at *3, 2006 U.S. Dist. LEXIS 42026 (D. Haw. June 21, 2006) ("Because [petitioner's] [p]etition attacks for the first time the constitutionality of a newly imposed sentence based on events that first occurred when he was resentenced, it is not a second or successive petition within the meaning of § 2244."); Tuggle v. Spearman, 2015 WL 1612000 at *1, 2015 U.S. Dist. LEXIS 44845 (E.D. Cal. Apr. 6, 2015) (Case No. 2:14-CV-1680 KJM DAD P), ("petitioner could not have raised his present claims in his first federal habeas corpus petition given that § 1170.126 had not even become law in California until 2012") (collecting cases), report and recommendation adopted, 2015 WL 3419366, 2015 U.S. Dist. LEXIS 68616 (E.D. Cal. May 27, 2015).

[5] The court notes, however, despite the possible exceptions noted in petitioner's Exhibit B, a change in state sentencing law does not generally raise a federal constitutional question.  See, e.g., Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (federal habeas relief is "unavailable for alleged error in the interpretation or application of state law"), cert. denied, 478 U.S. 1021 (1986); Sturm v. California Adult Authority, 395 F.2d 446, 448 (9th Cir. 1967) (redetermination of state sentence is a matter within the authority of the state and raises no federal question), cert. denied, 395 U.S. 947 (1969); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."); Richmond v. Lewis, 506 U.S. 40, 50 (1992)("[T]he question to be decided by a federal court on petition for habeas corpus is not whether the state sentencer committed state-law error . . . . Rather, the federal, constitutional question is whether such reliance is 'so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation.'" (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990).).

V. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay, ECF No. 59, the instant federal habeas proceeding is denied without prejudice.

2. Petitioner's request for leave to file a traverse, ECF No. 59, is granted; petitioner shall file and serve his traverse within 45 days after the filing date of this order.

DATED: January 4, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE