UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM MUNIZ, Warden,<br><br>Respondent. | No. 2:13-cv-00454 WBS AC P<br><br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I.      Introduction

Petitioner is a state prisoner represented by appointed counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. Petitioner challenges a May 2010 judgment of the Yolo County Superior Court sentencing him to a prison term of 18 years based on felony convictions for the possession and transportation of methamphetamine in violation of California Health and Safety Code sections 11377(a) and 11379(a), respectively, and various sentencing enhancements.

This action proceeds on the Second Amended Petition filed December 22, 2014. See ECF No. 54. Respondent has answered the petition. See ECF No. 57. Presently pending is petitioner's second motion to stay this action. See ECF No. 69. Petitioner's first motion was denied without prejudice. See ECF No. 63. For the reasons that follow, the undersigned recommends that the instant motion be denied.

1

II. <u>Procedural Background</u>

Petitioner filed the initial petition in this action on February 19, 2013,[1] without the assistance of counsel. <u>See</u> ECF No. 1. The court granted petitioner's request to proceed in forma pauperis and request for appointment of counsel, and directed the Federal Defender to file an amended petition within sixty days. <u>See</u> ECF No. 20. The court expressed concerns regarding the statute of limitations, noting that petitioner had previously filed a federal habeas action challenging the same convictions and sentence. <u>See</u> <u>id.</u> at 1-2; <u>see</u> <u>Turner v. Lewis</u>, Case No. 2:10-cv-3424 DAD P (E.D. Cal.).[2] That prior case was dismissed without prejudice on April 27, 2011, due to petitioner's failure to timely file a second amended petition.[3]

By order filed May 14, 2013, and at the request of the Federal Defender, the court appointed attorney Stephanie M. Adraktas to represent petitioner in the instant action. <u>See</u> ECF No. 24. Counsel obtained an extension of time within which to file an amended petition, and filed a First Amended Petition (FAP) on February 21, 2014. <u>See</u> ECF No. 39. The FAP asserted one claim, that "petitioner's right to due process under the Fifth and Fourteenth Amendments was violated due to the government's bad faith failure to preserve material exculpatory evidence," in violation of <u>California v. Trombetta</u>, 467 U.S. 479, 480 (1984). ECF No. 39 at 2, 8.[4]

Respondent obtained several extensions of time within which to file a response to the FAP. On October 21, 2014, petitioner and respondent filed a joint motion to vacate the scheduling order and requested that the court grant petitioner leave to file and serve a further amended petition. <u>See</u> ECF No. 52. The parties noted that petitioner had, pro se, filed yet

---

[1] The filing dates specified here for petitioner's pro se filings are based on the prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs the document (or signs the proof of service, if later) and gives it to prison officials for mailing. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988) (establishing prison mailbox rule); <u>Campbell v. Henry</u>, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by prisoners).
[2] This court may take judicial notice of its own records and the records of other courts. <u>See</u> <u>United States v. Howard</u>, 381 F.3d 873, 876 n.1 (9th Cir. 2004); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980); <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).
[3] Although petitioner subsequently filed a second amended petition in his prior action, he was notified that the case was closed.
[4] Page references reflect the court's electronic pagination, not the internal pagination of the cited document.

1  another duplicative federal habeas action. See Turner v. Richardson, Case No. 2:13-cv-01160
2  JAM AC P (E.D. Cal.) (filed on May 22, 2013, and dismissed as duplicative on September 24,
3  2014). Petitioner's counsel also noted the recent denial in the state court of petitioner's
4  "exhaustion petition." ECF No. 52.

      By order filed October 23, 2014, this court authorized the filing of a Second Amended Petition (SAP), and set a new briefing schedule. See ECF No. 53. Petitioner filed the operative SAP on December 22, 2014, again asserting only his Trombetta claim. See ECF No. 54. The SAP asserted exhaustion of that claim by the California Supreme Court on October 1, 2014. See ECF No. 54-2 (state Trombetta petition) at 2, 9; ECF No. 54-1 (order denying state petition). Respondent was granted an extended period to file a response, and filed his answer on March 20, 2015, addressing the merits of petitioner's claim but also asserting that this action is barred by the statute of limitations. See ECF No. 57. Petitioner has not yet filed a traverse, due to the pendency of his stay motions.

      On June 26, 2015, petitioner filed his initial motion to stay this action pending exhaustion of state court proceedings on a petition for resentencing filed by petitioner's trial counsel under California's recently enacted Proposition 47. See ECF No. 59. Respondent opposed the motion, see ECF No. 61; petitioner filed a reply, see ECF No. 62. On January 5, 2016, this court denied petitioner's motion without prejudice, on the ground that petitioner failed to demonstrate entitlement to a stay under either Rhines v. Weber, 544 U.S. 269 (2005), or Kelly v. Small, 35 F.3d 1063 (9th Cir. 2003). See ECF No. 64 at 3-5. The court set a deadline for filing petitioner's traverse.

      Petitioner requested an extension of time within which to file his traverse or to again request a motion to stay. ECF No. 67. The court granted the request for extension of time. ECF No. 68. On June 14, 2016, petitioner again moved to stay this action pending the exhaustion of petitioner's resentencing proceedings in the state courts. ECF No. 69. Petitioner also informed this court that the California Supreme Court granted his petition for review filed on February 16, 2016, and the matter remains pending. ECF No. 69 at 1-2.

      By order filed June 16, 2016, this court directed respondent to file a response to

petitioner's renewed motion to stay. ECF No. 70. Respondent filed a statement of non-opposition, without citation to any legal authority . ECF No. 71.

### III.  Pending State Court Proceedings

On March 5, 2015 – nearly two years after petitioner commenced the instant action – petitioner's trial counsel, Rodney Beede, filed a petition in the Yolo County Superior Court to recall petitioner's sentence and obtain resentencing in accordance with Proposition 47, the "Safe Neighborhoods and Schools Act," enacted November 4, 2014 and implemented the next day.[5] The new law reduced some drug felonies to misdemeanors and established a resentencing mechanism under California Penal Code Section 1170.18.[6] See ECF No. 59.

The superior court denied petitioner's resentencing petition. On April 24, 2015, Mr. Beede filed a notice of appeal in the California Court of Appeal, Third Appellate District. The state appellate court appointed attorney Robert Navarro to represent petitioner. On January 15, 2016, the appellate court affirmed in part and reversed in part the decision of the trial court. The appellate court found that the trial court erred in failing to reduce petitioner's felony possession conviction to a misdemeanor under Proposition 47, but noted that the error had not contributed to petitioner's aggregate prison term because his possession conviction was stayed upon sentencing. The appellate court affirmed the trial court's refusal to reduce petitioner's felony transportation conviction to a misdemeanor, finding that it was not subject to reduction under the terms of Proposition 47, and rejecting petitioner's equal protection argument. The California Court of Appeal remanded the case to the trial court with directions to recall petitioner's sentence based on his possession conviction and to resentence petitioner accordingly. See ECF No. 69-1 (Court of Appeal opinion).

On February 16, 2016, petitioner, proceeding pro se, filed a petition for review in the

---

[5] The petition for resentencing was timely filed in the trial court within the applicable three-year statute of limitations. See Cal. Penal Code §1170.18(j).

[6] "Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.'" People v. Rivera, 233 Cal. App. 4th 1085, 1092 (6th Dist. 2015) (quoting Cal. Pen. Code §§ 1170.18(a) and (b)).

1    California Supreme Court.  See ECF No. 67-2 at 1-4.  The California Supreme Court granted

2    review on March 30, 2016.  See People v. Turner, Cal. Supreme Court Case No. S232272.  The

3    court deferred further action and briefing in Turner pending a decision in the designated lead

4    case, People v. Martinez , Cal. Supreme Court Case No. S231826.  Martinez presents the question

5    whether a felony conviction for transportation of a controlled substance may be reduced to a

6    misdemeanor pursuant to a petition for recall of sentence under Section 1170.18.[7]  On July 7,

7    2016, appellant Martinez, through appointed counsel, filed his opening brief.  Id.  Meanwhile, on

8    April 13, 2016, the California Supreme Court granted petitioner's request for appointment of

9    counsel.  See People v. Turner, Cal. Supreme Court Case No. S232272.  Both Turner and

10   Martinez remain pending in the California Supreme Court as of the signature date of this order

11   and findings and recommendations.

       IV.     Instant Stay Request

             A.     Petitioner's Request

14   Petitioner seeks to stay the instant action pending completion of the proceedings that are

15   currently pending in the California Supreme Court.  Petitioner notes that, if the California

16   Supreme Court grants the requested relief, his felony transportation conviction would also be

17   reduced to a misdemeanor, resulting in a new judgment and maximum penalty of one year and

18   petitioner's immediate release from custody.  On the other hand, if the ruling of the Court of

19   Appeal stands, the trial court will still be required to issue a new judgment consistent with that

20   ruling.  Petitioner contends that these potential outcomes require a stay of the instant action

21   because "[d]irect review of petitioner's conviction will not be final until, at the earliest, the

22   conclusion of the proceedings on his petition for review in the California Supreme Court."  ECF

23   No. 69 at 5.  Petitioner explains: "[D]ue to the recent state appellate proceedings, the judgment

---

[7] More specifically, the California Supreme Court identified the following question on review in Martinez: "Could defendant use a petition for recall of sentence under Penal Code § 1170.18 to request the trial court to reduce his prior felony conviction for transportation of a controlled substance to a misdemeanor in light of the amendment to Health and Safety Code § 11379 effected by Proposition 47?"  See People v. Martinez, Cal. Supreme Court Case No. S231822 (docket), issue identified upon granting review Jan. 15, 2016; see also People v. Turner, Cal. Supreme Court Case No. S232272, issue identified, with reference to Martinez, upon granting review Feb. 16, 2016.

1  on the conviction is not yet final.  This court should not adjudicate the timeliness of the instant

2  petition prior to the conclusion of state appellate review, as it is not possible to determine the

3  precise date of state court finality while state appellate proceedings are still pending." Id.

4      While it is apparent that petitioner hopes to counter respondent's statute of limitations

5  defense to the instant federal habeas action with a new state court judgment that restarts the

6  limitations period, petitioner misconstrues the impact of the ongoing state court proceedings on

7  his pending habeas action, and therefore the requirements for obtaining a stay in this action.

8      B.    Legal Standards

9      A "person in custody pursuant to the judgment of a State court" may challenge that

10  judgment in federal court pursuant to an application for a writ of habeas corpus premised on

11  federal law, that is, "only on the ground that he is in custody in violation of the Constitution or

12  laws or treaties of the United States." 28 U.S.C. § 2254(a).  The challenged state court judgment

13  must be final as to both conviction and sentence.  Burton v. Stewart, 549 U.S. 147, 156-57

14  (2007).  The judgment becomes "final by the conclusion of direct review or the expiration of the

15  time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Thereafter, a one-year statute of

16  limitations applies to the filing of a federal habeas action. Id.  The "in custody" requirement of

17  Section 2254 requires that "the habeas petitioner be 'in custody' under the conviction or sentence

18  under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989)

19  (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)).

20      The exhaustion of available state remedies is a prerequisite to a federal court's

21  consideration of claims presented in a habeas corpus action. See 28 U.S.C. § 2254(b); see also

22  Rose v. Lundy, 455 U.S. 509 (1982).  A petitioner satisfies the exhaustion requirement by

23  providing the state's highest court with a full and fair opportunity to consider each claim before

24  presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v.

25  Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).  A claim is

26  cognizable under Section 2254 only if the petitioner first "has exhausted the remedies available in

27  the courts of the State," or meets one of the limited exceptions for state court exhaustion. See 28

28  U.S.C. § 2254(b)(1).

6

1       If a petitioner seeks to exhaust additional federal claims, he may request a stay of his
2  Section 2254 habeas action. The Supreme Court has ruled that a district court may stay a "mixed
3  habeas petition," containing both exhausted and unexhausted claims, only in "limited
4  circumstances," specifically, when (1) petitioner demonstrates good cause for failing to exhaust
5  his unexhausted claims in the state courts, (2) the unexhausted federal claims are potentially
6  meritorious, and (3) there is no indication that petitioner has engaged in intentionally dilatory
7  litigation tactics. Rhines v. Weber, supra, 544 U.S. at 278. Generally, this method preserves for
8  petitioner's unexhausted claims the statute of limitations applicable to his exhausted claims.

9       Alternatively, within the Ninth Circuit, a petitioner may request to stay under the "Kelly
10 procedure." Under this procedure, petitioner is permitted to amend his "mixed petition" to delete
11 unexhausted claims; obtain a stay of the resulting, fully-exhausted petition while proceeding to
12 state court to exhaust the unexhausted claims; then later amend the federal petition to
13 reincorporate the newly-exhausted claims and lift the stay. Kelly v. Small, supra, 35 F.3d at
14 1070-71. While this procedure does not require a showing of good cause, it does not preserve the
15 protective filing date of the federal petition for the later-exhausted claims, which can be
16 reincorporated into the petition only if they are timely filed under the one-year statute of
17 limitations or "relate back" to petitioner's originally exhausted claims. Id.

18      Recently, the Ninth Circuit authorized a third method for obtain a stay of a federal habeas
19 action filed pursuant to Section 2254. Under Mena v. Long, 813 F.3d 907, 910 (9th Cir., Feb. 17,
20 2016), a petitioner may file and pursue a "fully unexhausted" petition containing only
21 unexhausted federal claims. Petitioner may obtain a stay of the petition while exhausting his
22 claims in the state courts upon demonstration that he meets the "good cause" and other
23 requirements set forth in Rhines.

24          C.      Analysis

25      Petitioner's stay request lacks the common predicate for a stay under Kelly, Rhines or
26 Mena v. Long: clearly identified but unexhausted federal claims challenging the final judgment
27 of conviction and sentence that authorized petitioner's custody at the time he filed his federal
28 habeas petition. Petitioner's only reference to established stay procedures is a passing reference

7

to Kelly for the general principle that a district court's authority to stay a Section 2254 petition "promotes comity by allowing the state court to complete its review of the judgment, at the same time (sic), protects the right of petitioners to federal habeas review." ECF No. 69 at 5, (citing Kelly, 35 F.3d at 1165-66). This general reference to the principles underlying the stay of a federal habeas petition is not relevant to the circumstances presented by the instant stay request.[8]

Notwithstanding petitioner's assertions to the contrary, his pending state court proceedings do not compromise this court's ability to consider his Trombetta challenge to his May 2010 final judgment of conviction and sentence – which is the only state judgment that is, or could be, collaterally attacked in the current habeas petition. Any modification to petitioner's conviction and/or sentence resulting from the pending state court proceedings would result in a *new* judgment that, once final by conclusion of direct review, may be challenged in a *new* federal habeas petition. As this court explained in its prior order, ECF No. 64 at 5:

> There is copious authority for the proposition that a denial of resentencing under a new state law will support a federal habeas petition separate and independent of, and not 'second or successive' to, a prior petition challenging the initial conviction and sentence. See Magwood v. Patterson, 561 U.S. 320, 341-42 (2010) (a petition is not "second or successive" when "there is a new judgment intervening between the two habeas petitions," and the petition challenges the new judgment); Hill v. State of Alaska, 297 F.3d 895, 898 (9th Cir. 2002) ("[T]he Supreme Court has declined to read § 2244 to preclude prisoners from bringing habeas claims that could not have been brought in earlier petitions."); see also Benson v. Chappell, 2014 WL 6389443, at *4, 2014 U.S. Dist. LEXIS 161175 (C.D. Cal. Nov. 13, 2014) (petition not successive because it "challenges [the] state courts' denial of [petitioner's] motion to reconsider his sentence under a new law, and not the underlying conviction") (citing, inter alia, Hill, supra, 297 F.3d at 898).[9]

---

[8] Petitioner's related string citation to Zarvela v. Artuz, 254 F.3d 374, 382-83 (2d Cir 2001) is also inapposite, as that case involved exhausted and unexhausted federal claims challenging the same state court judgment. Petitioner accurately relies on Calderon v. U.S. District Court (Taylor), 134 F.3d 981 (9th Cir. 1998), cert. denied, 525 U.S. 920 (1998) (which first articulated the three-step Kelly procedure) for the principle that the district court "has the power to stay a habeas corpus petition pending additional state court proceedings related to the *same judgment*." ECF No. 69 at 4-5 (emphasis added). However, petitioner fails to distinguish the instant case, which seeks a stay based a potential *new* judgment of conviction and/or sentence.

[9] [Fn. 4 in quoted text.] Accord, Burroughs v. Davis, 2015 WL 3867928, at *4, 2015 U.S. Dist. LEXIS 81548 (C.D. Cal. May 26, 2015) (federal habeas petition challenging denial of state court petition to recall and reduce petitioner's sentence, based on intervening change in state law, is not a second or successive petition under 28 U.S.C. § 2244(b)(2)); Kamana'o v. Peyton, 2006 WL 1775869, at *3, 2006 U.S. Dist. LEXIS 42026 (D. Haw. June 21, 2006) ("Because [petitioner's] [p]etition attacks for the first time the constitutionality of a newly imposed sentence based on

1  Accord, Wentzell v. Neven, 674 F.3d 1124, 1127-28 (9th Cir. 2012) ("first petition challenging
2  the amended judgment of conviction" is not second or successive "because it challenges a new,
3  intervening judgment," even if the petition challenges unchanged portions of the original
4  judgment) (citing Magwood, 130 S. Ct. at 2802, for the "basic holding" that "the latter of two
5  petitions is not 'second or successive' if there is a 'new judgment intervening between the two
6  habeas petitions.'"); cf., Burton, supra, 549 U.S. at 153 ("claims contesting the same custody
7  imposed by the same judgment of a state court" present second or successive petitions).[10]

8  For these reasons, a stay of the instant action is not only unnecessary for petitioner to
9  pursue new federal claims that may be generated by his current state court proceedings, but lacks
10 legal precedent. Moreover, and significantly, petitioner has not identified *any new federal claim*
11 *that may be generated or exhausted by the ongoing state proceedings*,[11] a prerequisite for federal
12 habeas jurisdiction, see 28 U.S.C. § 2254(a). As this court previously emphasized, ECF No. 64 at
13 5, n.5:

---

events that first occurred when he was resentenced, it is not a second or successive petition within the meaning of § 2244."); Tuggle v. Spearman, 2015 WL 1612000 at *1, 2015 U.S. Dist. LEXIS 44845 (E.D. Cal. Apr. 6, 2015) (Case No. 2:14-CV-1680 KJM DAD P), ("petitioner could not have raised his present claims in his first federal habeas corpus petition given that § 1170.126 had not even become law in California until 2012") (collecting cases), report and recommendation adopted, 2015 WL 3419366, 2015 U.S. Dist. LEXIS 68616 (E.D. Cal. May 27, 2015).

[10] Although petitioner correctly cites Jimenez v. Quarterman, 555 U.S. 113, 120 (2009), and Burton, supra, 549 U.S. at 156-57, for the principle that "[t]he ADEPA statute of limitations does not commence until, at minimum, the conclusion of direct review of a petitioner's conviction in the state courts," ECF No. 69 at 5, his reliance is misplaced. Petitioner suggests that direct review of his May 2010 conviction will not conclude until the conclusion of the pending state court proceedings. However, direct review of petitioner's May 2010 judgment of conviction and sentence concluded with the expiration of the time for seeking such review from the United States Supreme Court, following the California Supreme Court's denial of review on July 27, 2011. See 28 U.S.C. § 2244(d)(1)(A). If petitioner obtains, through his current state proceedings, an amended judgment of conviction and/or sentence, that judgment must itself become final by the conclusion of direct review when it will then independently trigger application of the one-year statute of limitations.

[11] Petitioner's counsel initially informed this court that petitioner's trial counsel, Mr. Beede, raised two federal constitutional claims before the trial court, but that petitioner's appellate counsel, Mr. Navarro, was undecided whether to pursue those claims in the California Court of Appeal. See ECF No. 59 at 4. The Court of Appeal decision addressed one putative federal claim, petitioner's asserted denial of equal protection. See ECF No. 69-1. Although petitioner's pro se petition for review, filed and currently pending in the California Supreme Court, vaguely asserts various federal claims (as well as a claim for ineffective assistance of appellate counsel), see ECF No. 67-2 at 1-4, the only issue identified by the California Supreme Court when it granted review on March 30, 2016 was the construction of state law based on the question presented in lead case People v. Martinez , Cal. Supreme Court Case No. S231826. See People v. Turner, Cal. Supreme Court Case No. S232272; see also discussion, supra.

> [A] change in state sentencing law does not generally raise a federal constitutional question. See, e.g., Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (federal habeas relief is "unavailable for alleged error in the interpretation or application of state law"), cert. denied, 478 U.S. 1021 (1986); Sturm v. California Adult Authority, 395 F.2d 446, 448 (9th Cir. 1967) (redetermination of state sentence is a matter within the authority of the state and raises no federal question), cert. denied, 395 U.S. 947 (1969); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."); Richmond v. Lewis, 506 U.S. 40, 50 (1992)("[T]he question to be decided by a federal court on petition for habeas corpus is not whether the state sentencer committed state-law error. . . . Rather, the federal, constitutional question is whether such reliance is 'so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation.'" (Quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

These several factors – that the only judgment challenged by the instant federal habeas action is petitioner's May 2010 judgment of conviction and sentence, which remains properly before this court; that a modified state court judgment of conviction and/or sentence may be challenged in a new federal habeas proceeding, provided petitioner first exhausts a cognizable federal claim; and that petitioner has not yet identified *any* potentially new federal claim that he wishes to add to his pending petition upon completion of the state proceedings – render petitioner's stay request legally unsupported.

The above-noted cases establish the exclusive means for a district court to stay a Section 2254 petition, viz., when petitioner has identified both exhausted and unexhausted federal claims arising from the same state court judgment, see Rhines v. Weber, supra, 544 U.S. 269, and Kelly v. Small, supra, 35 F.3d 106, or when petitioner has identified only unexhausted federal claims arising from the same state court judgment but meets the "good cause" and other requirements set forth in Rhines, see Mena v. Long, supra, 813 F.3d 907. Due to petitioner's failure to identify any cognizable basis for a stay of this action, or to explain how his case meets the requirements of Kelly, Rhines or Mena v. Long, it is the recommendation of this court that petitioner's request to stay this action be denied.

V. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner shall file and serve a statement notifying this court and respondent of a

1 decision by the California Supreme Court in petitioner's pending petition for review, People v. Turner, Cal. Supreme Court Case No. S232272, within ten (10) days after the decision is issued.

Further, IT IS HEREBY RECOMMENDED that:

1. Petitioner's second request to stay this action, ECF No. 69, be denied; and

2. Petitioner be directed to file and serve his traverse, if any, within thirty (30) days after the district judge adopts these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 25, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE