UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TURNER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WILLIAM MUNIZ, Warden,<br><br>　　　　　Respondent. | No.  13-cv-0454 WBS AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a former California state prisoner represented by appointed counsel and seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The action proceeds on the second amended petition filed on December 22, 2014, ECF No. 54, which challenges petitioner's 2010 conviction for possession and transportation of methamphetamine.  Respondent has answered.  ECF No. 57.  Petitioner did not file a traverse despite being provided the opportunity to do so.  During the extended pendency of this case, petitioner sought resentencing in state court pursuant to the Safe Neighborhoods and Schools Act, also known as Proposition 47.  On or about May 12, 2020, petitioner was resentenced to time served.  He has been released from custody.  ECF No. 90 (status report).

## BACKGROUND

I.  Proceedings in the Trial Court

Petitioner was charged in Yolo County Superior Court with one count of transportation of

methamphetamine (Cal. Health & Safety Code § 11379(a)) and one count of possession of methamphetamine (Cal. Health & Safety Code § 11377).  Drugs had been found when petitioner was stopped by a police officer while riding his bicycle.  Petitioner brought a pretrial suppression motion arguing that the stop was illegal.  He wanted to introduce the bicycle to show that it had reflectors, contrary to the arresting officer's report regarding the basis for the stop.  Because the bike had been sold at auction, however, it could not be produced.  The suppression motion was denied.  Petitioner then brought a motion to dismiss on grounds that exculpatory evidence had deliberately been destroyed.  That motion was also denied.

The case went to trial, and the following facts were presented to the jury.  In the early morning of September 18, 2009, while on patrol in Woodland, Officer Richard Rayls saw something moving in the dark.  Officer Rayls activated his patrol car camera and lit the area.  He saw petitioner riding a bicycle on the sidewalk, east of Officer Rayls's location.  He stopped defendant for not having rear red reflectors, riding on the sidewalk, and riding on the wrong side of the street.

Officer Rayls searched the area around the bicycle.  A folded postcard with a baggie containing .14 grams of methamphetamine was found two feet from petitioner's bicycle.  A search of petitioner's coat found an identification card application and a letter from the Department of Employment and Social Services.  The letter contained petitioner's personal information and had the same mailing address as the address on the postcard.  Photographs of the bicycle and video from Officer Rayls's patrol car camera were entered into evidence.  The parties stipulated that the bicycle was released by the police and sold at auction on November 5, 2009.

Defendant presented expert testimony that the fingerprinting procedure for the postcard was incorrect.  The expert stated that he could find no reason why the bicycle was not kept as evidence.

On March 18, 2010, the jury returned a verdict of guilty as to the charges of transportation of methamphetamine and possession of methamphetamine.  The trial court sustained allegations that petitioner had three prior strike convictions and a prior drug conviction, and that he served

////

seven prior prison terms. The court dismissed two of the strike priors. On May 5, 2010, the court sentenced Mr. Turner to 18 years in prison.

II.     Post-Conviction Proceedings

Petitioner timely appealed, and the California Court of Appeal affirmed the judgment of conviction on May 17, 2011. Lodged Doc. 1. The California Supreme Court denied review on July 27, 2011. Lodged Doc. 6.[1]

Petitioner filed numerous state court habeas petitions related to his conviction, all of which were denied. Lodged Docs. 9-23. On or about July 7, 2014, petitioner filed a petition in the California Supreme Court seeking to present new evidence in support of his destruction of evidence claim. Lodged Doc. 24. That petition was denied on October 1, 2014, with citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995). Lodged Doc. 25.

By operation of the prison mailbox rule, the initial federal petition was filed February 20, 2013.[2] See ECF No. 1 at 18. In light of potentially complex procedural issues presented by the petition, counsel was appointed to represent petitioner. ECF No. 20. A second amended petition was filed on December 22, 2014. ECF No. 54. Respondent answered on March 20, 2015. ECF No. 57. On June 26, 2015, petitioner moved for a stay in light of his ongoing pursuit of sentencing relief in state court. ECF No. 59. Plaintiff indicated that if relief was denied, he intended to add newly-exhausted claims to his federal petition. Id. Extensive litigation of procedural matters ensued. Ultimately, although this case was never formally stayed, the deadline for plaintiff to file a traverse or a motion to amend was repeatedly extended. On May 29, 2020, counsel for petitioner notified the court that petitioner had been resentenced to time served and released from prison. ECF No. 90. Petitioner affirmatively represented that he still wished to pursue relief from his conviction. ECF No. 92.[3] No traverse was filed.

////

---

[1] Petitioner separately appealed his sentence, which was also affirmed. Lodged Docs. 7, 8.
[2] See Houston v. Lack, 487 U.S. 266 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).
[3] A habeas petitioner's release from custody does not moot his case, because the collateral consequences of a conviction constitute an ongoing and redressable injury. Spencer v. Kemna, 523 U.S. 1, 7 (1998); Chacon v. Wood, 36 F.3d 1459, 1463 (9th Cir. 1994).

## STANDARDS GOVERNING HABEAS RELIEF UNDER THE AEDPA

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 562 U.S. 86, 99 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state-law procedural principles to the contrary. Id. (citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100.

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Only Supreme Court precedent may constitute "clearly established Federal law," but courts may look to circuit law "to ascertain whether…the particular point in issue is clearly established by Supreme Court precedent." Marshall v. Rodgers, 569 U.S. 58, 64 (2013).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to

the facts of the particular state prisoner's case." Id. at 407-08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

Review under § 2254(d) is limited to the record that was before the state court. Cullen v. Pinholster, 563 U.S. 170, 180-181 (2011). The question at this stage is whether the state court reasonably applied clearly established federal law to the facts before it. Id. at 181-182. In other words, the focus of the § 2254(d) inquiry is "on what a state court knew and did." Id. at 182. Where the state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is confined to "the state court's actual reasoning" and "actual analysis." Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc). A different rule applies where the state court rejects claims summarily, without a reasoned opinion. In Richter, supra, the Supreme Court held that when a state court denies a claim on the merits but without a reasoned opinion, the federal habeas court must determine what arguments or theories may have supported the state court's decision, and subject those arguments or theories to § 2254(d) scrutiny. Richter, 563 U.S. at 102.

## DISCUSSION

I.   Preliminary Considerations

Petitioner brings a single claim for relief under California v. Trombetta, 467 U.S. 479 (1984), alleging that the prosecution destroyed exculpatory evidence. This issue was included in petitioner's previous omnibus challenge to his conviction, Case No. 2:10-cv-3424 DAD. That case was dismissed without prejudice to refiling when petitioner failed to file an amended petition within the time provided. After that case was closed but apparently within the AEDPA's statute of limitations, petitioner submitted an amended petition under the 2010 case number; this document was docketed with a notation that the case was closed and the court would issue no orders in response. ECF No. 20 in Case No. 2:10-cv-3424 DAD. The Clerk's Office did not open a new case on the basis of the amended petition.

This case followed. Respondent has affirmatively asserted that the proceeding is barred by the statute of limitations. ECF No. 57 at 3, 7-8. Petitioner contends that the instant petition should be deemed filed on the date that the claim was submitted in Case No. 2:10-cv-3424 DAD,

and in the alternative that petitioner is entitled to equitable tolling. ECF No. 54 at 17-21. These potentially complicated issues need not be addressed. The applicable time bar is not jurisdictional, and the court may bypass consideration of the statute of limitations where a claim must be denied on the merits. See Van Buskirk v. Baldwin, 265 F.3d 1080, 1083 (9th Cir. 2001), cert. denied, 535 U.S. 950 (2002). Accordingly, the undersigned turns directly to the substance of petitioner's claim.

II.   Petitioner's Allegations and Pertinent State Court Record

Petitioner alleges that his right to due process was violated by the sale at auction of the bicycle he was riding when he was stopped by Officer Rayls. At the suppression hearing, Officer Rayls testified that he saw petitioner riding a bicycle without rear reflectors or tire reflectors, going southbound on the east sidewalk of Cottonwood Street. Officer Rayls knew the bicycle's lack of rear or tire reflectors violated the Vehicle Code, but he was unclear whether riding a bicycle on a sidewalk was a violation. He also knew the Vehicle Code required bicyclists to obey the same rules of the road as motor vehicles, including riding on the right side of the street (with traffic).

Officer Rayls did not take photographs of the bicycle at the scene. However, as his patrol car followed the bicycle before the stop, about 15 seconds of video was recorded. The bicycle was photographed by another officer at the Woodland Police Department receiving area. Asked if the photographs depicted the bicycle at issue, Officer Rayls replied: "I believe so, to the best of my ability." The photographs and the video did not show rear reflectors on the bicycle. The trial court denied the suppression motion, finding that the absence of reflectors on the back of the bike provided probable cause for the stop.

Petitioner made a Trombetta motion on March 11, 2010. Defense counsel declared he had demanded production of the bicycle for the suppression hearing, and had been promised it would be produced. The bicycle was not present at the suppression hearing, but defense counsel was told his investigator would get access to the bicycle at some point. The bicycle had been booked

////

////

into evidence on September 18, 2009, released for auction on November 5, 2009, and sold at auction.[4]

Defense counsel did not believe the prosecutor knew the bicycle had been sold when he asked the prosecutor to produce the bicycle. Defense counsel argued the bicycle was key to his suppression motion, specifically as to whether the bicycle was missing a rear reflector, which counsel asserted was essential to the probable cause necessary for the stop.

The trial court denied the motion. It found the prosecutor did not act in bad faith in selling the bicycle, the exculpatory value of the bicycle was not apparent, and the photographs and video were alternate means to present the evidence concerning the bicycle.

III. The Clearly Established Federal Law

Due process "requires the State to disclose to criminal defendants favorable evidence that is material either to guilt or to punishment." California v. Trombetta, 467 U.S. 479, 480 (1984). The duty to preserve evidence is "limited to evidence that might be expected to play a significant role in the suspect's defense." Id. at 488. This means evidence with "exculpatory value that was apparent before the evidence was destroyed" and "of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." Id. at 489. "[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process." Arizona v. Youngblood, 488 U.S. 51, 58 (1988).

IV. The State Court's Ruling

This claim was raised on direct appeal. Because the California Supreme Court denied discretionary review, the opinion of the California Court of Appeal constitutes the last reasoned decision on the merits and is the subject of habeas review in this court. See Ylst v. Nunnemaker, 501 U.S. 797 (1991); Ortiz v. Yates, 704 F.3d 1026, 1034 (9th Cir. 2012). The appellate court ruled as follows:

---

[4] Later discovered evidence, discussed in the final section of these Findings and Recommendations, indicates that the sale may have happened on a different date. The information that was before the trial court, and the California Court of Appel, is as stated above.

7

> Defendant contends the trial court should have granted his Trombetta motion because his bicycle was sold at auction, preventing it from being introduced at the hearing on his suppression motion. We disagree. . . .
>
> "Law enforcement agencies have a duty to preserve evidence 'that might be expected to play a significant role in the suspect's defense.'" (People v. Hines (1997) 15 Cal.4th 997, 1042, quoting Trombetta, supra, 467 U.S. at p. 488 [81 L.Ed.2d at p. 422].) To fall within the scope of this duty, the evidence "must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." (Trombetta, supra, 467 U.S. at p. 489 [81 L.Ed.2d at p. 422].) Further, "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." (Arizona v. Youngblood (1988) 488 U.S. 51, 58 [102 L.Ed.2d 281, 289].)
>
> Defendant does not assert the bicycle was sold in bad faith. He contends that the bicycle was central to his claim of having rear reflectors, and that the bicycle in the photographs was not the one he rode. Arguing the lack of rear reflectors was the only reason for the stop, defendant concludes he would have prevailed on his suppression motion if the police had not sold the bicycle.
>
> Defendant's argument assumes that his bicycle had rear reflectors, which is contradicted by Officer Rayls's testimony, as well as the photographs and the video. Defendant tries to address this weakness by noting some equivocation in Officer Rayls's verification of the photographs. However, even if we were to discount the photographs, this line of reasoning ignores both Officer Rayls's testimony and the video.
>
> The exculpatory value of the bicycle is based on the supposition that defendant's account is correct, and that the considerable evidence to the contrary is wrong. At most, the bicycle was potentially useful evidence. Since defendant did not show bad faith by the People, it was not an abuse of discretion to deny the motion.

Lodged Doc. 1 at 43-6.

V.     Objective Reasonableness Under § 2254(d)

Petitioner has not demonstrated that the state court's rejection of his Trombetta claim was objectively unreasonable within the meaning of AEDPA. First, petitioner identifies no Supreme Court precedent holding that the failure to preserve evidence going to the illegality of a stop, rather than the evidence exculpatory as to the charged crimes, comes within the scope of Trombetta and Youngblood. Even if the extension of Trombetta to this context is necessary and appropriate, or has been adopted by lower courts, there can be no unreasonable application of

8

clearly established federal law where the Supreme Court itself has not announced the rule that governs petitioner's claim. See Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (per curiam).

Second, it was not objectively unreasonable of the state court to characterize the bicycle as "potentially useful evidence" rather than apparently exculpatory evidence. Accordingly, the state court was correct that absent evidence of bad faith—which was entirely lacking on the record before the state court—there can have been no error of constitutional magnitude in the premature disposal of the bike. The California Court of Appeal applied Trombetta and Youngblood reasonably, and its predicate factual findings were reasonable.

Petitioner contends that the Court of Appeal unreasonably determined the facts within the meaning of § 2254(d)(2) when it held that the bicycle was not "potentially exculpatory." ECF No. 54 at 23. Petitioner emphasizes that both Trombetta and Youngblood apply to potentially exculpatory evidence, and that petitioner need not prove actual exculpatory value. Id. The undersigned does not read the state court to have said that there was no due process violation because the bicycle was only *potentially* exculpatory. The court found, rather, that the evidence was "potentially *useful*," rather than apparently exculpatory. That is not an objectively unreasonable assessment of the facts that were before the trial court and the Court of Appeal, and it is a correct formulation of the line drawn by Trombetta and Youngblood.

Petitioner also argues that the Court of Appeal unreasonably failed to find bad faith in the disposal of the bicycle prior to the suppression hearing. ECF No. 54 at 24. That conclusion cannot be considered objectively unreasonable. While the prosecution's failure to adequately explain the timing of the bike's disposal may have raised suspicions, it does not support an inference of bad faith. Petitioner ignores the fact that defense counsel told the trial court he did not think the prosecutor was aware of the timing of the sale. There was no evidence before the trial court showing who made the decision regarding that timing, or indicating that the decision was made in order to thwart a potentially successful suppression motion or was otherwise in bad faith.

////

////

For all these reasons, the decision of the California Court of Appeal was neither factually nor legally unreasonable in light of the record before that court. Accordingly, § 2254(d) bars relief.

VI.   Petitioner's "Newly Exhausted Evidence" May Not Be Considered in Relation to the Reasonableness of the Appellate Court's Decision

The Amended Petition presents a declaration from Deputy District Attorney Robert A. Gorman, dated August 16, 2010. ECF No. 54-4. Mr. Gorman is the Yolo County prosecutor assigned to all asset forfeiture matters. His record review indicates that petitioner's bicycle was sold at auction on either December 9, 2009 (the date listed in police records as the "Ship Date") or January 15, 2010 (the date listed as the "Agency Payment Date"). Id. at 1. These dates are different from the November 5, 2009 sale date that was presented to the jury by stipulation and thus made part of the state court record. Petitioner contends that this discrepancy is evidence of bad faith in the sale of the bicycle, and suggests that the Court of Appeal's finding to the contrary was objectively unreasonable in light of this evidence. ECF No. 54 at 24-25.

Review of the state appellate court's decision under § 2254(d) is limited to the evidentiary record that was before the state court at the time of its decision. See § 2254(d)(2) (reasonableness of factual determinations must be made "in light of the evidence presented in the State court proceeding"); Cullen v. Pinholster, 563 U.S. at 181-182 (question under § 2254(d)(1) is whether the state court reasonably applied clearly established federal law to the facts that were before it). The Gorman declaration was obtained after petitioner's judgment of conviction and thus was not part of the record on appeal. Accordingly, it may not be considered in evaluating the objective reasonableness of what the state appellate court did in light of what it knew. See id. at 182.

VII.   The Exhaustion Petition Was Not Unreasonably Denied

The Amended Petition in this case followed the California Supreme Court's denial of an exhaustion petition that also included the Gorman declaration. Lodged Doc. 24 (2014 petition filed in the California Supreme Court). That petition was denied summarily, with citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995). Lodged Doc. 25. Duvall holds that a petition may be denied for failure to state a prima facie claim. Id. The state court's finding of no prima facie

claim is itself a merits determination that may be subjected to scrutiny under § 2254(d).  Nunes v. Mueller, 350 F.3d 1045, 1054-55 (9th Cir. 2003), cert. denied, 543 U.S. 1038 (2004).

Petitioner argues that it was objectively unreasonable of the California Supreme Court to find no prima facie Trombetta-Youngblood claim in light of the Gorman declaration.  ECF No. 54 at 25-26.  The undersigned disagrees.  The confusion regarding the date of the bicycle's sale could well be explained by police incompetence, innocent miscommunication, or any number of possible circumstances other than bad faith.  Inconsistencies regarding the date of sale are not sufficiently probative of bad faith to establish a prima facie Youngblood claim.  And the Gorman declaration does nothing to alter the evidentiary record on which the superior court and Court of Appeal found that the bicycle may have been potentially useful to the defense but did not plainly appear to be exculpatory.

For these reasons, it was not objectively unreasonable for the California Supreme Court to find that petitioner had not presented a prima facie claim.  Accordingly, § 2254(d) bars relief even if denial of petitioner's procedurally irregular state exhaustion petition[5] is considered the last reasoned decision on the merits of his claim.  Neither the Trombetta claim exhausted on direct appeal nor the version expanded on collateral review provides grounds for federal habeas relief.

## CONCLUSION

For all the reasons explained above, the state courts' denial of petitioner's claims was not objectively unreasonable within the meaning of 28 U.S.C. § 2254(d).  Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

---

[5] The petition was filed almost three years after petitioner's conviction became final on conclusion of direct review, although the Gorman declaration existed and was signed before conclusion of the appeal.  Moreover, the exhaustion petition followed a series of other habeas petitions raising other matters.  See Lodged Docs. 9-23.  Nonetheless, the California Supreme Court denied the petition on the merits rather than on any of the available procedural grounds.

1  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 6, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE